AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court

DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                    **ORDER OF DETENTION PENDING TRIAL**

<u>DON MARCUS GIBLER</u>                Case Number: 06-20048-01-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:  May 10, 2006                              s/ David J. Waxse
                                                  *Signature of Judicial Officer*

                                                  DAVID J. WAXSE, U.S. MAGISTRATE JUDGE

*Name and Title of Judicial Officer*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Don Marcus Gibler
Criminal Action 06-20048-01-CM-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to consider.

You are charged with offenses that have a maximum term of imprisonment of ten years or more, so that is a negative factor.

The next factor is the weight of the evidence, which is negative based on the Grand Jury's determination that you have violated the law on eighteen counts.

The next factor is the history and characteristics of the person, including your physical and mental condition. There is nothing that is a problem.

Your family ties are positive.

Your employment is not very positive because it is not clear when and where you have actually worked for any length of time.

The next factor is your financial resources. There is no indication that you have substantial resources that would make it easy for you to flee.

Your length of residence and community ties are positive.

Your past conduct, which includes history relating to drug abuse, alcohol abuse, criminal history, or record concerning appearance at court proceedings is substantially negative as indicated by the large number of contacts you have had with law enforcement.

The next factor is whether at the time of the current offense you were on probation or parole, and it does not appear that you were.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. Counsel made an important point about no violence being charged;

3

however, eighteen counts of dealing crack cocaine is a real danger to the community.

Considering all of these factors together, I do not find that there are conditions that would enable me to be sure that either you would appear or the community would be safe from further drug dealing, so you will remain detained.