**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DON MARCUS GIBLER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Nos. 06-20048-01-CM** |
| ) | **08-2524-CM** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case is before the court on petitioner Don Marcus Gibler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 434). In response, the government filed Government's Motion for Enforcement of the Defendant's Waiver in his Plea Agreement (Doc. 441). For the following reasons, the court denies the government's motion, appoints counsel for petitioner, and sets the matter for an evidentiary hearing.

**Factual and Procedural Background**

Petitioner, along with nine codefendants, was charged in a 27-count superseding indictment on September 14, 2006, with, *inter alia*, conspiracy to distribute more than fifty grams of cocaine base, "crack," in violation of 21 U.S.C. § 846. On July 3, 2007, the government filed an Enhancement Information pursuant to 21 U.S.C. § 851, identifying petitioner's prior felony drug offense conviction for possession of cocaine. On July 9, 2007, a jury was empaneled and petitioner's trial began. By July 12, however, petitioner had changed his mind about proceeding with trial, and instead entered a Rule 11(c)(1)(C) guilty plea to Count 1 of the superseding indictment, the conspiracy count. The plea agreement set out the potential punishment associated

with Count 1 as an imprisonment term of not less than 20 years and not more than life; a maximum fine of $8,000,000; not less than 10 years of supervised release; a $100 special assessment and $750 in restitution.  The plea agreement stated that "[t]he increased penalties are the result of the Enhancement Information filed pursuant to Title 21, United States Code, § 851 identifying the defendant's prior felony drug offense conviction of Possession of Cocaine in Douglas County District Court case number 00 CR 332."  (Doc. 303, at 1–2.)  In the agreement, the parties proposed a sentence of 324 months followed by 10 years of supervised release with no fine and restitution in the amount of $750.  The parties did not request imposition of a guidelines sentence, but noted that the proposed sentence did not offend the United States Sentencing Guidelines.

The Presentence Investigation Report prepared by the United States Probation Office noted that the statutory range was twenty years to life; and found petitioner's total offense level to be 43 with a category III criminal history, corresponding to a guidelines range of imprisonment for life.

Pursuant to the plea agreement, the court sentenced petitioner on October 15, 2007, to a term of imprisonment for 324 months.  He did not file a direct appeal.

**Motion Pursuant to 28 U.S.C. § 2255**

On October 20, 2008, petitioner filed the instant *pro se* motion under 28 U.S.C. § 2255 alleging that his counsel was ineffective for failing to investigate whether his prior convictions – offered for enhancement under 21 U.S.C. § 851 – actually qualified under that statute.  He claims that, had his counsel informed him of the true nature of a § 851 application, and the definition of 'serious drug offense,' he would not have pleaded guilty but would have carried on with his jury trial.  He contends that his counsel's failure to inform him of the full nature of the sentencing enhancement renders his plea involuntary and unknowing.  Petitioner seeks an evidentiary hearing

on the effectiveness of his counsel.

**Waiver**

The government asks the court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution and sentence. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). And generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181, 1183 (10th Cir. 2001). There is, however, an exception to this rule—where the § 2255 petition is "based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187.

At the change of plea hearing on July 12, 2007, petitioner indicated that he was entering the plea knowingly, voluntarily, and of his own free will. He specifically asserted that he had reviewed and understood the waiver of appellate and collateral attack rights contained in the plea agreement.[1]

However, the court finds that the claims and arguments set out in petitioner's motion

---

[1] The pertinent provision in petitioner's plea agreement provides:
If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] . . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. . . .

pursuant to § 2255 are outside the scope of the plea agreement; his claims of ineffective assistance go to his counsel's performance leading up to his acceptance of the plea agreement, and possibly the basis for entering it. Therefore, the court finds that petitioner's motion falls within the exception to the general enforceability of waivers contained in *Cockerham* as noted in the agreement. The court therefore denies the government's Motion for Enforcement of the Defendant's Waiver in his Plea Agreement (Doc. 441), and turns to petitioner's claims.

### Ineffective Assistance

When determining whether a habeas petitioner's counsel provided ineffective assistance, the court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner argues that his appointed counsel, B. Kay Huff, was ineffective for failing to investigate whether the use of his prior convictions to enhance his penalty was appropriate. He claims that, had his counsel informed him of the true nature of a § 851 application, he would not have pleaded guilty in exchange for a 324 month sentence, but would have continued his jury trial.

The government argues, however, that petitioner's claims fail because his sentence was not impacted by 21 U.S.C. § 851. Specifically, the government asserts that the enhancements were not used in calculating his sentence. The government cites paragraph four of the plea agreement, which discusses the application of the United States Sentencing Guidelines. Indeed, under the sentencing guidelines, because petitioner's total offense level was 43, the guidelines recommended a life sentence regardless whether or not the § 851 enhancements applied, that is, regardless of his criminal history. The parties did not request imposition of a guidelines sentence, but instead agreed to a 324 month sentence.

The government's no harm–no foul argument does not convince this court that it can overlook petitioner's constitutional right to effective assistance of counsel. Petitioner entered a plea agreement that set out the potential sentence that could have been imposed as to Count 1 of the superseding indictment — to which he pleaded guilty – as not less than 20 years and not more than life, with a term of supervised release of not less than 10 years. Absent the enhancements for prior convictions, the statutory sentencing range as to Count 1 would have been not less than 10 years and not more than life, with not less than 5 years of supervised release. *See* 21 U.S.C. 841(b)(1)(A)(iii).

The record does not conclusively establish that petitioner is not entitled to relief: it is unclear regarding the application of enhancements to the plea-bargained sentence. The record also fails to reveal what efforts petitioner's counsel took to investigate the government's enhancement information, or whether her conduct or advice was objectively reasonable or the result of strategy.

The court cannot determine whether petitioner received ineffective assistance of counsel with respect to plea negotiations on the pleadings before it. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255

petition may be resolved on the record). By way of a separate order, the court will appoint counsel for petitioner and set this matter for an evidentiary hearing.

**IT IS THEREFORE ORDERED** that the court defers a ruling on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 434). The court will appoint counsel for petitioner and set this matter for an evidentiary hearing in a separate order.

**IT IS FURTHER ORDERED** that the Government's Motion to Enforce Waiver (Doc. 441) is denied.

Dated this 23rd day of June 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**